## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-20120-PCH

JUAN MANUEL HERNANDEZ,

      Plaintiff,

v.

WL GENERAL SERVICES CORP.,
MSB TOTAL SERVICES, CORP., and
LUCIMARA HELGERT,

      Defendants.

_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court on Plaintiff's Bill of Costs. (ECF No. 12). This matter

has been referred to the undersigned by the Honorable Paul C. Huck, United States District Judge,

for disposition pursuant to 28 U.S.C. § 636(b)(1) and the Local Magistrate Rules for the Southern

District of Florida. (ECF No. 13).[1] Plaintiff filed a memorandum supporting the Bill of Costs on

May 19, 2025, to which Defendants filed a Response, (ECF No. 16), and Plaintiff a Reply, (ECF

No. 17). Based upon the Parties' briefing on the Bill of Costs, being otherwise fully advised in the

premises, and as set forth below, the undersigned respectfully **RECOMMENDS** that Plaintiff's

Motion (ECF No. 12) be **GRANTED**, in part, and **DENIED**, in part.

---

[1] Plaintiff filed his Motion for Bill of Costs on May 1, 2025 (ECF No. 12), without a supporting Memorandum of Law. After the Motion was referred, Plaintiff filed a Motion for Attorney Fees and Costs, (ECF No. 14), which includes a memorandum in support of both his demands for costs and for attorneys' fees. This Report and Recommendations resolves only the referred Bill of Costs.

## I.    BACKGROUND

On November 4, 2024, Plaintiff Juan Manuel Hernandez filed suit in state court against Defendants, WL General Services Corp.; MSB Total Services, Corp.; and Lucimara Helgert; (collectively, "Defendants"). The Complaint pleaded one count of failure to pay overtime wages to which Plaintiff claimed he was entitled under the FLSA. This case was removed to federal court on January 9, 2025. Fewer than four months later, the Parties apprised the Court that Plaintiff had accepted Defendants' Offer of Judgment under Federal Rule of Civil Procedure 68. (ECF No. 10). The Court subsequently entered Final Judgment, permitting Plaintiff's Counsel to "file a motion for attorney's fees and costs in accordance with the Southern District of Florida Local Rule 7.3[.]" (ECF No. 11).

Plaintiff filed a Bill of Costs, without an accompanying memorandum on May 1, 2025. (ECF No. 12). Plaintiff subsequently filed a Motion for Attorneys' Fees and Costs, incorporating his earlier filed Bill of Costs. (ECF No. 14) ("the Motion"). Defendants filed a Response to Plaintiff's Motion for Attorneys' Fees and Costs, (ECF No. 16), arguing that the Motion should be denied, in part, to which Plaintiff filed a Reply, (ECF No. 17). The Motion is now ripe for review.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees.  There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome.  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).  Pursuant to 28 U.S.C. § 1920, a district court may tax as costs:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for

printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. §1920.

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

**III.    DISCUSSION**

The record reflects, and Defendants do not dispute, that Plaintiff is the prevailing party in this action. Accordingly, Plaintiff is entitled to an award of his litigation costs.

The undersigned notes that Plaintiff's Motion as originally filed and referred to the undersigned, (ECF No. 12), is deficient in that it consists solely of a Bill of Costs, (ECF No. 12), as well as supporting documentation in the form of an Itemization of Requested Costs, (ECF No. 12-1) and invoices therefor, (ECF No. 12-2). The Bill of Costs is unaccompanied by a supporting Memorandum, in contravention of this District's Local Rules. *But see* S.D. Fla. L.R. 7.3(c) ("The bill of costs . . . shall be supported by a memorandum not exceeding ten (10) pages."). However, upon review of Plaintiff's AO Form 133 and the supporting documentation attached thereto, in the absence of any argument by Defendants that the failure to adhere to Local Rule 7.3(c) requires that the Bill of Costs be denied, and because Plaintiff's subsequent Motion for Attorney's Fees and

Costs supports the earlier filed Bill of Costs, *see* (ECF No. 14 at 1 n.1, 11–15), I find that I am equipped with sufficient information to adjudicate Plaintiff's Motion and determine whether Plaintiff has met his burden as to each request.

Plaintiff claims a total of $2,036.55 in taxable costs incurred in this Action. Specifically, Plaintiff seeks reimbursement for the $310.50 filing fee in County Court; $31.05 in a fee to the Clerk for the Issuance of Summonses in County Court; $750.00 in interpreter fees associated with Defendant Lucimara Helgert's March 20, 2025 deposition; $495.00 in Court Reporter fees for the deposition of Defendants' corporate representative; and $450.00 in costs associated with effectuating service of process on each of the three Defendants. *See* (ECF No. 14-2). Defendants raise objections to two of Plaintiff's requests.

### A.     Process Server Costs

Defendants first object to Plaintiff's claim for costs associated with the service of process on three Defendants at the rate of $150.00 per Defendant served. (ECF No. 16 at 7). Plaintiff counters that 28 C.F.R. § 0.114 presents a ceiling of "$65 per person per hour for each item served, *plus travel costs and any other out-of-pocket expenses*." (ECF No. 17 at 5) (emphasis in original). Plaintiff proffers that the heightened fee was necessary "to serve each Defendant in Palm Beach County [and] includes the process server's travel costs and other out-of-pocket charges and should be determined to be reasonable." (*Id.*). Plaintiff's supporting documentation does not further elucidate his assertion that the difference between the $150.00 flat fees charged for service and the $65.00 ceiling set forth by 28 C.F.R. § 0.114 reflects travel costs and out-of-pocket charges.

Rather, review of the invoices submitted in connection with Plaintiff's Motion reveals that Plaintiff has failed to attach any invoice memorializing payment for the effectuation of service of process upon Defendants. Plaintiff thus has not provided the Court with an invoice detailing such

4

information as the process server's hourly rate, the process server's travel costs, or the process server's otherwise incurred expenses. While, generally speaking, the lack of supporting documentation would be ground to deny Plaintiff's Motion, courts in this District typically remedy the failure to include an invoice reflecting process server fees by ordering reimbursement at the $65 rate charged by the U.S. Marshals Service. *See, e.g.*, *Wareka v. Excel Aesthetics LLC*, No. 23-cv-24652, 2024 WL 1532267, at *9 (S.D. Fla. Mar. 28, 2024), *report and recommendation adopted*, 2024 WL 1833085 (S.D. Fla. Apr. 26, 2024); *Goldstein v. Fortador, LLC*, 2024 WL 3106108, at *9 (S.D. Fla. May 20, 2024), *report and recommendation adopted*, No. 24-cv-20116, 2024 WL 3103355 (S.D. Fla. Jun. 24, 2024).

### B.      Court Reporter Attendance Costs

Defendants further object to the $125.00 on-site resource fee charged by the Court Reporter who attended Defendants' March 20 deposition. (ECF No. 16 at 8). Plaintiff explains in Reply that this expense was mandatory for the court reporter's attendance at the in-person deposition. (ECF No. 17 at 5) (citing (ECF No. 17-1)) (communication in which Court Reporter tells Ms. Novick that "[t]he onsite charge in Florida is $125" and represents a mandatory expense for in-person services). Moreover, per Plaintiff, this expense was necessitated by "Defendants' Counsel's insistence on having the depositions in person as opposed to Zoom." (*Id.* at 5) (citing (ECF No. 17-2)).

Court reporter attendance fees constitute taxable costs because the attendance of a court reporter at a deposition is directly related to the preparation of the transcript. *See Levy v. Remy Cointreau USA, Inc.*, No. 14-20906-CV, 2015 WL 12868176, at *3 (S.D. Fla. Mar. 31, 2015), *report and recommendation adopted*, 2015 WL 12866378 (S.D. Fla. June 11, 2015); *see also Sutton v. Royal Caribbean Cruise Line*, No. 16-24707-CIV, 2018 WL 4282843, at *3 (S.D. Fla.

Sept. 7, 2018) (citing *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258–59 (S.D. Fla. 2013)). "The cases that have permitted court reporter appearance fees reason that it is necessary for the court reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013). Here, where Plaintiff has substantiated its assertion that the "on-site resource fee" was both necessary to secure the court reporter's in-person attendance at the March 20 deposition, (ECF No. 17-2), and that the need for securing such attendance was created by Defendants' counsel, (ECF No. 17-2), the undersigned concludes that Plaintiff should be permitted to recover in the amount of the fee.

### C.    Unobjected-To Costs

Defendants levy no further objections with respect to Plaintiff's Bill of Costs, (ECF Nos. 12, 14). Upon review, the undersigned finds no basis upon which to reduce Plaintiff's award of costs. Accordingly, the undersigned recommends that Plaintiff's Motion be granted with respect to Plaintiff's remaining requests for taxable costs.

## IV.    RECOMMENDATION

Based on the foregoing considerations, I recommend that Plaintiff's Motion for Bill of Costs, (ECF No. 12) be **GRANTED, in part,** and **DENIED, in part**, and that Plaintiff be awarded **$1,781.55** in taxable costs, plus interest, from the date of the judgment. *See Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of judgment.").

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and

Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020). Response to objections, if any, must be filed within seven (7) days of service of the objections.

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 4th day of February, 2026.

                                       _____
                                       LAUREN F. LOUIS
                                       UNITED STATES MAGISTRATE JUDGE