UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-20120-PCH

JUAN MANUEL HERNANDEZ,

     Plaintiff,

v.

WL GENERAL SERVICES, CORP.,
MSB TOTAL SERVICES, CORP., and
LUCIMARA HELGERT,

     Defendants.

_____ /

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to 29 U.S.C. § 216(b). (ECF No. 14). This matter has been referred to the undersigned by the Honorable Paul C. Huck, United States District Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and the Local Magistrate Rules for the Southern District of Florida. (ECF No. 19). Based upon the Parties' briefing on the Motion, being otherwise fully advised in the premises, and as set forth below, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion (ECF No. 14) be **GRANTED**, in part, and **DENIED**, in part.

## I.     BACKGROUND

On November 4, 2024, Plaintiff Juan Manuel Hernandez filed suit in state court against Defendants, WL General Services, Corp., MSB Total Services, Corp., and Lucimara Helgert, (collectively, "Defendants"). Plaintiff's Complaint pleaded one Count of failure to pay overtime wages to which Plaintiff claimed he was entitled under the FLSA. The case was removed to federal court on January 9, 2025. (ECF No. 1).

On March 21, 2025, Defendants extended an Offer of Judgment to settle the case for the gross amount of $12,000.00, *see* (ECF No. 10-1), representing slightly more than Plaintiff's total claim of damages. *See* (ECF No. 1-2 at 8); *cf.* (ECF No. 14 at 2).[1] The $12,000.00 represented "$6,000.00 in alleged unpaid overtime wages, plus $6,000.00 in alleged liquidated damages." (*Id.* at 1). Plaintiff filed a notice of his acceptance of the Offer of Judgment on the docket in early April 2025. *See* (ECF No. 10). On May 11, the Court entered Final Judgment for Plaintiff, stating that, "pursuant to the terms of Defendants' Offer of Judgment, Plaintiff's Counsel may file a motion for attorney's fees and costs[.]" (ECF No. 11).

Plaintiff subsequently filed a Motion for Attorneys' Fees and Costs ("the Motion"). (ECF No. 14). Defendants filed a Response to Plaintiff's Motion, (ECF No. 16), arguing that the Motion should be denied, in part, to which Plaintiff filed a Reply, (ECF No. 17). The Motion is now ripe for review.

## II.    LEGAL STANDARD

### A.    Attorney's Fees under the FLSA

In the American legal system, litigants are generally not entitled to an award of attorney's fees for prevailing in litigation, absent a contractual or statutory provision authorizing the shifting of fees. *In re Home Depot Inc.*, 931 F.3d 1065, 1078 (11th Cir. 2019*)*; *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). The FLSA contains such a provision, expressly providing for attorney's fees and costs to the prevailing party:

---

[1] Plaintiff's Complaint sought liquidated damages because Plaintiff claimed that "Defendants willfully and intentionally refused to pay Plaintiff their [sic] overtime wages as required by the [FLSA]." (ECF No. 1-2 at 8). Plaintiff represents that, "[b]ased on the allegations in [the] Complaint, Plaintiff would be owed $10,400.00 doubled." (ECF No. 14 at 2). Thus, while a settlement in the amount of $12,000.00 exceeds Plaintiff's total claim of overtime damages, that amount does not "more than double[] Plaintiff's overtime claim" as Plaintiff represents. (*Id.*).

> The court in [an FLSA action] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b). Fee awards are mandatory for prevailing FLSA plaintiffs. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 850 (11th Cir. 2019). In an FLSA action, a "prevailing party" is one who obtains either a judgment on the merits or "a settlement agreement 'enforced through a consent decree.'" *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health and Human Res.*, 532 U.S. 598, 603-04 (2001)).

### B. Offers of Judgment

Federal Rule of Civil Procedure 68 governs the effectuation of offers of judgment. The Rule's primary purpose "is to encourage settlement and avoid litigation." *Valencia v. Affiliated Grp., Inc.*, 674 F. Supp. 2d 1300, 1304 (S.D. Fla. 2009). An offer of judgment "allow[s] judgment on specified terms, with the costs then accrued." Fed. R. Civ. 68(a). A plaintiff faced with a Rule 68 offer may accept or refuse; the plaintiff may not seek clarification or make a counteroffer as they would in settlement negotiations. *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op, Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002). "Courts apply traditional principles of contract law to interpret offers of judgment made under Rule 68." *Pope v. Lil Abner's Corp.*, 92 F. Supp. 2d 1327, 1328 (S.D. Fla. 2000) (citing *Johnson v. Univ. Coll. of Univ. of Ala.*, 706 F.2d 1205, 1209 (11th Cir. 1983)). The FLSA "does not create an exception to the normal application of Rule 68." *Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 943 (11th Cir. 2020).

### III.    DISCUSSION

Plaintiff seeks a total attorney's fee award in the amount of $14,025.00, consisting of $13,410.00 for time billed by Attorney J.H. Zidell, and $615.00 for time billed by Ms. Lisa Novick, Attorney Zidell's paralegal.

In assessing the reasonableness of a request for attorney's fees, courts in the Eleventh Circuit apply the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley*, 461 U.S. at 433). "[T]here is a 'strong presumption' that the lodestar is the reasonable sum" that attorneys claiming fees deserve. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins*, 548 F.3d at 1350. Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 1350 n.2 (citing *Johnson*, 488 F.2d at 717–19).

The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Am. Civ. Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorney's fees is unreasonably high, courts may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut. *Bivins*, 548 F.3d at 1350; *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing a party's fee request with an across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

## A.  Reasonable Hourly Rate

In computing the lodestar, the first step is to determine the reasonable hourly rate, defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (quoting *Norman*, 836 F.2d at 1301).

Plaintiff seeks fees for Attorney Zidell at a rate of $450.00 per hour, and for Ms. Novick at a rate of $150.00 per hour. (ECF No. 14 at 6–7). Attorney Zidell proffers that he has over the

course of approximately 25 years primarily litigated FLSA cases similar to the instant lawsuit and "tried cases, by jury, for numerous FLSA clients predominantly in Florida." (*Id.* at 6). Ms. Novick has served as a paralegal "in excess of approximately [seventeen] years" and has worked at Attorney Zidell's firm "since on or about January 2017." (*Id.*). Courts in this district have found as recently as two years ago "hourly rates of up to $450 reasonable for [] services by legal professionals of reasonably comparable skills, experience, and reputation as Mr. Zidell." *Ramirez v. Rosalia's Inc.*, No. 20-CV-23270, 2023 WL 3930726, at *4 (S.D. Fla. Jun. 9, 2023) (finding reasonable Attorney Zidell's requested hourly rate of $425 notwithstanding the defendant's opposition) (collecting cases).

Defendants do not dispute Plaintiff's fundamental entitlement to attorney's fees. Nor do they dispute the requested hourly rates of Attorney Zidell, at $450.00 per hour, or Ms. Novick, at $150.00 per hour. (ECF No. 16 at 4). Absent Defendants' objection, the undersigned's own review finds no reason to adjust Attorney Zidell or Ms. Novick's respective hourly rates downwards.

### B.  Reasonable Hours Expended

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation. The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel.*" *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award. *Id.* at 428. Counsel must have reliable evidence to support hours that are claimed. *See Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988). If the fee applicant fails to exercise the required

billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary." *Id.*

Defendants contest the amount of time for which Plaintiff requests attorney's fees as "unauthorized and unreasonable." Defendants categorically object to Plaintiff's recovery of any attorney's fees that accrued following Defendants' March 21, 2025 service of the Offer of Judgment ultimately accepted by Plaintiff. Defendants also levy discrete objections to certain time entries.

### i.     Plaintiff May Not Recover Attorney's Fees that Accrued After March 21, 2025

Defendants first argue that the Offer of Judgment expressly excluded recovery for attorney's fees incurred after the date on which the Offer of Judgment was made. (ECF No. 16 at 5). Thus, Defendants argue, Plaintiff is not entitled to any fees incurred after March 21, 2025, when the Offer of Judgment was made. Plaintiff argues that the Offer of Judgment lacked such provision. Per Plaintiff, "a material term" of Defendants' Offer of Judgment "was for the Defendants to pay Plaintiff's Counsel's fees and costs to be decided by the Court via a fee and cost motion which *necessarily* was required to be filed *after* the 'service date.'" (ECF No. 17 at 2). Plaintiff argues that "conflicting terms of the [Offer of Judgment] cannot be reconciled with Defendants' wooden approach to eliminating all fees after the 'service date.'" As Plaintiff argues, the Offer of Judgment provides that reasonable attorney's fees and costs "will be determined by the Court upon timely motion." (ECF No. 10-1). It further authorizes Plaintiff to "serve written notice of acceptance" within fourteen days of the offer being made. On Plaintiff's reading, the Offer of Judgment contemplates further practice in the litigation and does not exclude the fees incurred pursuant to such work.

Defendants quote the Offer of Judgment, which reads in pertinent part:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants [. . .] hereby offer to allow Judgment to be entered against them, jointly and severally, on all counts brought by JUAN MANUEL HERNANDEZ in the Complaint in this action in the amount of [$12,000.00] plus interest, if any, representing $6,000.00 in alleged unpaid overtime wages, plus $6,000.00 in alleged liquidated damages; but excluding any reasonable attorney's fees and costs **as of the date of this offer**, which will be determined by the Court upon timely Motion.

(ECF No. 16 at 5) (citing (ECF No. 10-1)) (emphasis added).

In FLSA and non-FLSA cases alike, courts decline to award fees postdating an accepted Offer of Judgment where the terms of the Rule 68 Offer exclude the recovery of fees incurred following its service upon the offeree. *See, e.g.*, *Crescenzo v. Healthcare Rev. Recovery Grp.,* LLC, 842 F. Supp. 2d 1340, 1343–44 (S.D. Fla. 2012) (declining to award attorney's fees incurred post-service of Offer of Judgment where "[b]y the very terms of Defendant's offer, Defendant only agreed to pay Plaintiff '$1,001.00, plus reasonable attorney's fees and court costs *to date* . . ." (emphasis in original)); *Marenco v. J.C. Painting Contractor LLC*, No. 24-21463-Civ, 2025 WL 1047136, at *6 (S.D. Fla. Jan. 22, 2025) (collecting cases), *report and recommendation adopted*, 2025 WL 814826 (S.D. Fla. Mar. 14, 2025) ("[T]he parties contractually agreed that the Plaintiff's mandatory award of attorney fees would be limited to those fees incurred through July 11, 2024. Thus, the Plaintiff's recovery of her attorneys' fees shall be so limited").

The undersigned finds persuasive Defendants' interpretation of the Rule 68 Offer's terms. Plaintiff is correct that the Offer leaves the ultimate determination of the amount of awardable attorney's fees to the Court. However, the Offer of Judgment limits precisely what reasonable attorney's fees and costs may be so determined to those accrued "*as of the date of this offer.*" (ECF No 10-1 at 1 (emphasis added)). Such language limits the fees ultimately awardable to an attorney's fees movant to those incurred *before* the date on

which an accepted Rule 68 Offer was made. *See, e.g.*, *Marenco*, 2025 WL 814826, at *4; *Crescenzo*, 842 F. Supp. at 1343–44. Here, Plaintiff accepted an Offer that by its terms forecloses reimbursement for attorney's fees postdating the offer's extension.

The cases Plaintiff cites in his Reply are distinguishable. Plaintiff cites cases wherein plaintiffs had rejected offers of judgment and later moved for attorney's fees, triggering an analysis distinct from that applicable here. Under Rule 68(b), "[a]n unaccepted offer is considered withdrawn," and "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Fed. R. Civ. P. 68(b). Where an offer of judgment has been rejected, "Rule 68 does not bar any award of attorney fees in an FLSA case for services rendered after a Rule 68 offer is made and a plaintiff recovers less than the amount offered in settlement." *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1325 (M.D. Fla. 2001) (citations omitted). Plaintiff's cited cases involve attorney's fee awards where no Rule 68 offer's provisions govern. *See, e.g.*, *Brandt v. Magnificent Quality Florals Corp.*, No. 07-20129-CIV, 2011 WL 4625379, at *5–6 (S.D. Fla. Sept. 30, 2011); (ECF No. 17 at 5) (collecting decisions in "the line of cases . . . wherein the plaintiff *rejected* the Rule 68 Offer and prevailed with a *lesser monetary amount* than that contained in the Rule 68 OJ").

Here, by contrast, Plaintiff undisputedly accepted Defendants' Rule 68 Offer and obtained a final judgment premised thereupon. Under Rule 68(a), the Offer's "specified terms" govern under normal principles of contract law; those terms exclude from Plaintiff's award of attorney's fees those incurred after the Offer was made and so limit the attorney's fees recoverable here. *See Otto v. City of Boca Raton, Fla.*, No. 24-10478, 2025 WL

2952783, at *3 (11th Cir. Oct. 20, 2025); *Reed v. Complete Credit Sols., Inc.*, No. 21-cv-1276, 2023 WL 8651325, at *1 (M.D. Fla. Jun. 27, 2023).

Accordingly, Plaintiff may not recover attorney's fees and costs postdating the March 21, 2025 service of the Offer of Judgment upon Plaintiff. Under the terms of the Offer of Judgment that Plaintiff accepted, Plaintiff may not recover the $4,320.00 in post-March 21 attorney's fees set forth in Plaintiff's Exhibit Fee Ledger, (ECF No. 14-1 at 3–5), or the additional "$1,620.00 (3.6 x $450.00/hr.)" that Plaintiff requests in his Reply brief for the review, research for, and drafting of same, (ECF No. 17 at 4).

### ii.    Specific Objections to Plaintiff's Time Entries

Defendants also levy specific objections to Plaintiff's requests for fees accrued prior to the Offer of Judgment's service upon Plaintiff. To the extent Defendants' Response merely recites the date and substance of certain billing entries and characterizes them as "excessive," *see, e.g.*, (ECF No. 16 at 6) (stating, "November 1, 2024 – 1.2 hours for drafting a 1-Count (27-Paragraph) Complaint is excessive."), these objections are too vague to be credited by the Court. "[G]eneralized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight." *P&k Rest. Enter., LLC*, 758 F. App'x at 850 (quoting *Norman*, 836 F.2d at 1301); *see also id.* at 850–51 (finding the defendant's "general[] and conclusor[y]" assertions "that the number of hours spent was excessive in light of the scope of the litigation" were "a far cry from this Court's instruction that objections concerning hours should be 'specific and reasonably precise'") (cleaned up) (quoting *Barnes*, 168 F.3d at 428).

Notwithstanding, the Court has an obligation to independently determine whether the number of attorney hours sought are reasonable. *See Epsilantis v. Scozzari Roof Servs. Contracting & Consulting, Inc.*, No. 21-14195-CIV, 2024 WL 2419033, at *3 (S.D. Fla. May 3, 2024)

10

(quotations omitted), *report and recommendation adopted*, 2024 WL 2377414 (S.D. Fla. May 23, 2024), *appeal dismissed*, No. 24-11743, 2024 WL 3946340 (11th Cir. Jun. 27, 2024); *see also Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

Defendants raise the following specific challenges to certain time entries. Defendants object to Attorney Zidell's entry reflecting 2.4 hours billed on October 22, 2024, for the initial client interview and case review at which Plaintiff's counsel was retained. (ECF No. 16 at 5–6). This work involved Attorney Zidell's review of Plaintiff's notebook of hours worked. Defendants object that "it is not possible to assess the time it took to review" Plaintiff's notebook of hours worked "because it was not provided by Plaintiff in discovery." (*Id.*). With or without the notebook, the time is verified by Attorney Zidell; Defendants' objection assumes too high an evidentiary burden on the attorney moving for an award of fees. Time spent "before the formal commencement of litigation, on matters such as attorney-client interviews and investigation of the case, is compensable." *Flores v. Lofts Town Villas Condo. Ass'n*, No. 17-20368-CIV, 2017 WL 7792712, at *3 (S.D. Fla. Sept. 1, 2017) (citing *Webb v. Bd. of Educ.*, 471 U.S. 234, 250 (1985) (Brennan, J., concurring)), *report and recommendation adopted*, 2017 WL 7796111 (S.D. Fla. Sept. 26, 2017). Mindful that it is Plaintiff's burden to demonstrate entitlement to fees for time billed, the undersigned finds that Plaintiff has met that burden and recommends that Defendants' objection be overruled.

Defendants next object to Attorney Zidell's entry reflecting 0.9 hours billed on January 21, 2025, "concerning his conflict with court dates due to a holiday he observes." (ECF No. 16 at 6) (arguing that "Defendants should not be paying for work generated by Mr. Zidell due to his own reasons/convenience"). Review of Plaintiff's invoice reveals that Attorney Zidell in fact billed 0.2

hours for emailing Defendants' counsel "to reset trial due to Holiday conflict in September 2025." (ECF No. 14-1 at 2). The record reflects that Plaintiff's counsel's conferral with defense counsel led to Plaintiff filing an unopposed motion to continue the scheduled calendar call and trial dates in this action, *see* (ECF No. 6), which motion was granted, *see* (ECF No. 7). Plaintiff's conferral via email was necessary to the filing of the unopposed motion, which was successfully granted; Defendants' objection is accordingly overruled.

Defendants further challenge Plaintiff's entitlement to attorney's fees for a total of 7.6 hours billed by Attorney Zidell in preparation for the March 20 deposition of Defendants' corporate representative. (ECF No. 16 at 6). Defendants explain that the deposition was "straight-forward" and "did not involve factually intensive issues." (*Id.*). Defendants maintain they "had not even provided written discovery responses or documents" in advance of the deposition, meaning, Defendants claim, that "[t]here was simply nothing to prepare with or for" this 7.6 hours. (*Id.*).

Defendants note that Plaintiff has not advanced a deposition transcript or other materials clarifying the deposition's scope, duration, or complexity. Notably, Defendants served the Offer of Judgment one day after Plaintiff's counsel took this deposition, so it is may be reasonably inferred that Plaintiff's hours of preparation for the deposition contributed to this suit's early and favorable resolution for Plaintiff. Moreover, counsel's diary description provides sufficient detail to substantiate the time incurred, task by task.[2] Defendants' objection to this time as excessive should be overruled.

The undersigned recommends minor reductions for clerical work performed by Attorney Zidell and Ms. Novick. Plaintiff is not entitled to recover attorney's fees that capture the

---

[2] "File review and prep for Defendants deposition tomorrow of 30b6 Rep and Indiv D, review/pull prior cases filed against these Defendants spanning past several years under the FLSA (1.7)[;] Plaintiff's notebook of weeks and hours worked, defendants answer and defenses. Client interview notes rev'd and check stubs, emails from ds to P, P application for work, make outline for depos tomorrow." (ECF No. 14-1 at 3).

performance of clerical tasks. *See Peress v. Wand*, 597 F. Supp. 2d 1320, 1325–26 (S.D. Fla. 2008). A district court may conclude that "a fee applicant is not entitled to compensation at an attorney's rate" where "an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment." *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1090–91 (11th Cir. 2022); *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them.") (citation omitted).

Plaintiff may not recover for the following clerical work: Ms. Novick's 0.2 hours billed on December 18, 2024, for receiving and reviewing an email from the clerk of court, downloading summonses, and drafting an email to the process server; and Attorney Zidell's 0.1 hours billed on January 23, 2025, for calendaring a new trial order date with Ms. Novick. The above entries represent unrecoverable clerical work. *See Caplan*, 36 F.4th at 1090–91.

### C. Calculation of Attorney's Fees Award

Considering the unobjected-to hourly rates and the reductions recommended above, the Court has performed the Lodestar calculation to a product of **$9,630.00**. Attorney Zidell worked 20.2 compensable hours at a rate of $450.00 per hour, and Ms. Novick worked 3.6 hours at a rate of $150.00 per hour.

## IV. RECOMMENDATION

Based on the foregoing considerations, I recommend that Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 14) be **GRANTED, in part,** and **DENIED, in part**, and that Plaintiff be awarded **$9,630.00** in attorney's fees.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, within **TEN (10) DAYS** of being served with a copy of this Report and Recommendations. Response thereto is due within **FIVE (5) days** of receipt of objections. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 10th day of March, 2026.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

14